G534oliC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

      v.                          15 CR 861 (JMF)

ROBERT OLINS,

            Defendant.

------------------------------x
                          New York, N.Y.
                          May 3, 2016
                          2:30 p.m.


Before:

                  HON. JESSE M. FURMAN,

                              District Judge




                    APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
ANDREA GRISWOLD
     Assistant United States Attorney


DANIEL E. WENNER
JAMES R. DEVITA
     Attorneys for Defendant

G534oliC

1          (In open court)

2          THE DEPUTY CLERK:  United States versus Olins,

3     15 CR 861.

4          Counsel, please state your name for the record.

5          MS. GRISWOLD:  Good afternoon, your Honor.  Andrea

6     Griswold for the government.

7          THE COURT:  Good afternoon, Ms. Griswold.

8          MR. WENNER:  Good afternoon, your Honor.  Daniel

9     Wenner for Mr. Olins.

10         MR. DeVITA:  Good afternoon, your Honor.  James DeVita

11    as potential substituted counsel, your Honor.

12         THE COURT:  Good afternoon to you.  Good afternoon,

13    Mr. Olins.

14         All right.  So we are here in connection with the

15    application to substitute counsel.

16         Mr. DeVita, you presumably know that there is a trial

17    date in effect.

18         MR. DeVITA:  I do, your Honor.  I have an application

19    with respect to that.  I have a trial scheduled before Judge

20    Pauley on June 20.  It is predicted by the government to be a

21    one-week trial.  I would request a brief adjournment of two

22    weeks, and I think that that would be something that we would

23    be able to work with.

24         THE COURT:  Okay.  Well, here's my problem:  Number

25    one, when I set the trial date, I was very clear that the date

1    was a firm date and would not be changed absent pretty

2    extraordinary circumstances.  Although Mr. Olins was not

3    present, I made a point of requiring counsel to have him read

4    the transcript and affirm that he understood that and

5    understood that the trial date would not move, specifically

6    referencing the possibility of an issue with counsel and the

7    desire to change counsel as one of those considerations.

8         MR. DeVITA:  I understand that, your Honor.  It became

9    necessary for Mr. Olins to change counsel shortly after that.

10   I met with Mr. Olins in the last week, and he has just retained

11   me.  It is possible that the case before Judge Pauley would end

12   in a plea, but right now it is scheduled to go to trial, and I

13   don't think that a two-week adjournment is going to be a

14   substantial inconvenience to anybody.

15        THE COURT:  Well, you don't know about my schedule.

16        Ms. Griswold.

17        MS. GRISWOLD:  The government would ask the Court to

18   keep the trial date as it stands.  The government, both the

19   prosecution team specifically, one of the two case agents, has

20   a July 11th trial currently.  I think the week before that is

21   the week of July 4th.  We have also been meeting with witnesses

22   for the trial with the June 27th date in mind, including

23   out-of-state witnesses.  So it is the government's request that

24   the trial date remain as it is.

25        I would like to note one other thing, just in full

1    candor to the Court on this point.  The government does

2    anticipate seeking a superseding indictment sometime in the

3    next week.  It is not based on any additional conduct than that

4    outlined in the current indictment.  It will add a money

5    laundering charge, based on paragraph 7 and 13 of the current

6    indictment, refer to a set of wall brackets from which the

7    defendant was alleged to have applied the proceeds that he

8    received, or a portion of those proceeds, from the vases and

9    the dragon candelabra.  There's no new discovery on those

10   charges.  The conduct, as I said, is set forth in the current

11   indictment.  Given the topic today, I wanted to flag that, and

12   we expect to seek that by the end of next week.

13           THE COURT:  Am I correct in recalling that there was

14   an issue with the July date, either the availability of some of

15   the government witnesses, or is that the July 11th reference

16   that you just made?

17           MS. GRISWOLD:  I believe that at the time of the last

18   conference, the March 22nd conference, my co-counsel, Christine

19   Magdo, raised July as an issue because of the other case

20   agent's family vacation plans, which are scheduled to be

21   July 17 to 27th.  That remains the case.  In addition to that,

22   the other case agent has a July 11th trial date.

23           THE COURT:  Here is the question I have, and I'm not

24   yet granting the request for an adjournment, and in light of

25   that, not yet granting the substitution of counsel.  I am very

1  averse to changing trial dates, as you probably all know.  I

2  can't do the week of July 11th for the simple reason that I am

3  not here for the first two days of that week.  I could probably

4  manage to move it to the week of July 18th and overcome my

5  aversion to granting adjournments in this solitary instance.  I

6  just don't know if that is doable on both your sides.

7          MR. DeVITA:  It is acceptable to us, your Honor.

8          THE COURT:  Ms. Griswold, it is not fair to prejudice

9  the government at this point if witnesses or the like are

10  unavailable, but I don't know from what you described whether

11  you need both case agents here or you could proceed with just

12  the one.

13          MS. GRISWOLD:  The one case agent that is scheduled to

14  be on vacation that week is also supposed to testify as our

15  case agent testifying at trial at this point.  I can certainly

16  speak with him and see if he can move that vacation.  But when

17  we came on March 22nd, we had those dates in mind, and I know

18  he has already purchased tickets for that flight.  I'm happy to

19  inquire whether they can move that and report back to the

20  Court.  I don't think it is without consequence for that case

21  agent.

22          THE COURT:  Okay.  Mr. DeVita, here is my question for

23  you:  Right now, I'm not inclined to move the trial date, both

24  because I was very clear with everybody that that was a firm

25  date and very clear in particular that substitution of counsel

1   wouldn't be granted if it might have an effect on the trial

2   date.  In that regard, Mr. Olins was certainly on notice that

3   he needed to deal with this sooner rather than later and,

4   presumably, in that regard find counsel who would be prepared

5   to try the case on the date that it was scheduled for.  Second,

6   as you heard, I think my recollection was -- and Ms. Griswold

7   has confirmed that that date was picked in part because of the

8   unavailability of witnesses in July -- and in that regard, I

9   think it is a little unfair to that witness to sort of change

10  things at this juncture.  I'm prepared to allow the

11  substitution if you can tell me and affirm that you're prepared

12  to go to trial on June 27th and leave open the possibility that

13  it could be changed to July 18th if Ms. Griswold checks with

14  the agent and indicates that the government is prepared to

15  proceed at that time.  It involves a little bit of risk on your

16  part that that doesn't happen.

17          MR. DeVITA:  Your Honor, I don't want to put Mr. Olins

18  in a worse position of having to try to start the process over

19  again of identifying counsel.  My recollection in reading the

20  transcript was that the government said it could adjust to the

21  July date if necessary.  That may have changed since then.  I

22  understand that.  I don't want to leave Mr. Olins in a lurch.

23  I would strongly request that the July 18 date, that the trial

24  be adjourned until then if at all possible, and I will plan

25  accordingly.  I can't tell you whether the case in front of

G534oliC

1    Judge Pauley is going to fold or not.  I just don't know.  I'm
2    waiting for something from the government on that.

3         THE COURT:  All right.  Ms. Griswold, Mr. DeVita's
4    recollection is somewhat accurate in the sense that Ms. Magdo
5    indicated at the March conference that, in July, our agents are
6    on other trials, but we could, if necessary, work around that.
7    Has that changed since then?

8         MS. GRISWOLD:  I spoke to both the agents before this
9    conference, and I know that one of the agents has a July 11th
10   trial date and that the other one has a booked vacation from
11   the 17th to 27th.  Of the two, the one with the vacation is the
12   one that we would expect to testify.  We could probably work
13   around the July 11th date, and I am happy to check with the
14   agent who has the vacation plan.  I see what your Honor is
15   pointing to, and I don't know specifically at the time that
16   Ms. Magdo said that whether the agent with the vacation had a
17   trial that has since gone away.

18        THE COURT:  How quickly could you find out about the
19   vacation situation?  Do you know where it is?  Could the agent
20   fly in for a day to testify and then go back to vacation?  It
21   does seem a little bit unfair to deny Mr. Olins' desire to have
22   counsel of his choice solely on the basis of the convenience of
23   one witness, who may not even be an essential witness.  I don't
24   know if the agent is testifying about his or her personal
25   involvement in something or testifying in a more general case

G534oliC

1   agent type fashion.

2           MS. GRISWOLD:  I can check with him right after this

3   conference and get back to the Court.  He is very responsive,

4   likely within a couple of hours.  I don't know where the trip

5   is other than it's a family vacation.

6           THE COURT:  Mr. DeVita, how do you want to proceed?

7   I'm not inclined to definitively resolve this until I get a

8   little more information concerning that.

9           MR. DeVITA:  I would like to stay with Mr. Olins, and

10  I think that that is only fair to him, and I think it would put

11  him in an even more difficult position if, having gone as far

12  as I have with him, to then withdraw.  I hope it works out.

13          THE COURT:  All right.  It sounded like you were going

14  to make a proposal as to how to proceed.

15          MR. DeVITA:  One of the things I will do is get in

16  touch with the assistant U.S. attorney on the other case and

17  inform him what has transpired here, and I may be able to get

18  an earlier lead on what is happening on that trial.  I think it

19  is more likely that the government is going to be able to find

20  something out about its flexibility than I am, just because I

21  know how long it takes to get a plea offer out of the U.S.

22  Attorney's Office these days.

23          THE COURT:  Okay.  How about we do this:  How about I

24  reserve judgment on the formal request to substitute counsel

25  and hear back from both of you with respect to your June trial

G534oliC

1    and with respect to the agent's situation in the next day or

2    two, and then I will issue an order and hope that we can sort

3    this all out.  If need be, I will have you guys back in and we

4    will discuss how to handle it.  Hopefully, we can resolve it to

5    everybody's satisfaction.

6            Does that seem reasonable?

7            MR. DeVITA:  That sounds reasonable, your Honor.

8            MS. GRISWOLD:  Yes, your Honor.  Thank you.

9            THE COURT:  I will reserve judgment.  Hopefully, as I

10   said, we will sort it all out, and we will take it a step at a

11   time.

12           Thank you very much.

13           (Adjourned)

14

15

16

17

18

19

20

21

22

23

24

25