# DOAR RIECK DEVITA KALEY & MACK

ATTORNEYS AT LAW

JOHN DOAR (1921-2014)
JOHN JACOB RIECK, JR.
JOHN F. KALEY
WALTER MACK
JAMES R. DEVITA

OF COUNSEL
JAMES I. WASSERMAN
MICHAEL MINNEFOR

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website: www.doarlaw.com

October 20, 2016

BY ECF
Honorable Jesse M. Furman
United States District Judge for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Centre Street
New York, New York 10007

Re: United States v. Robert Olins, 15 Cr. 861(JMF)

Dear Judge Furman:

I am writing to respond to the government's submission of yesterday requesting an adjournment of its time to file its written sentencing submission and requesting that Your Honor schedule a hearing pursuant to *United States v. Fatico,* 579 F.2d 707 (2d Cir. 1978). We have no objection to the government's request for an additional week to make its written sentencing submission. We respectfully submit, however, that it would be premature to schedule a *Fatico* hearing before Your Honor has even seen the government's submission to determine whether the differences between the positions of the government and the defense, which admittedly exist, are material to Your Honor's sentencing decision.

Section 6A1.3 requires an "adequate opportunity to present relevant information," but, as the commentary notes, "[w]ritten statements of counsel or affidavits of witnesses may be adequate under many circumstances." U.S.S.G. § 6A1.3, Application Note. When deciding between an evidentiary hearing and another means of obtaining "adequate" information, a "sentencing court must determine the appropriate procedure in light of the nature of the dispute, its relevance to the sentencing determination, and applicable case law." *Id.* As this Court has emphasized, "[t]he procedure followed in resolving disputed factors at sentencing rests in the sound discretion of the trial court." *United States v. Ibanez,* 924 F.2d 427, 430 (2d Cir.1991).

*United States v. Brinkworth,* 68 F.3d 633, 640 (2d Cir. 1995); *see also United States v. Slevin,* 106 F.3d 1086, 1091 (2d Cir. 1996)( 'The district court is not required, by either the Due Process

Hon. Jesse M. Furman -2- October 20, 2016

Clause or the federal Sentencing Guidelines, to hold a full-blown evidentiary hearing in resolving sentencing disputes. . . . Decisions as to what types of procedure are needed lie within the discretion of the sentencing court and are reviewed for abuse of discretion.) (*citations omitted*).

Needless to say, we dispute the government's assertions that our sentencing submission contains factual assertions that are "false." Nevertheless, it is difficult to see how Your Honor can intelligently exercise the Court's discretion on whether to hold a factual hearing without first receiving the government's sentencing submission to determine adequately "the nature of the dispute [and] its relevance to the sentencing determination." *Brinkworth*, 68 F.3d at 640.

In the event Your Honor decides to schedule a *Fatico* hearing, I am not available for most of the week of November 14. At the direction of Judge Cathy Seibel, I will be travelling to the U.S. Bureau of Prisons Medical Center in Springfield, Missouri to meet with a CJA client who has been committed there pursuant to 18. U.S.C. §4244(d). *United States v. John Doe, a/k/a "Randell Whitehead,"* 14 Cr. 321 (CS). Judge Seibel has requested that I report on the progress of the defendant's treatment at that institution, on the basis of an in person meeting. I will be travelling there on Tuesday, November 15, meeting with the client and the medical personnel at the institution on November 16, and returning on either November 16 or 17, depending on how late the meetings run. Extra travel time is required because there are apparently no direct flights between New York and Springfield. In view of the significant and complex nature of the issues I will be attending on that trip, it would be a disservice to my client and Judge Seibel for me to be preparing for and participating in a *Fatico* hearing in this case during that same week. Judge Seibel has scheduled a conference in the *Doe* case for Monday, November 21, 2016. I respectfully request that, if Your Honor decides to set a date for a *Fatico* hearing, it be during the week of November 28.

Respectfully submitted,

*James R. DeVita*

James R. DeVita

JRD

cc: Andrea Griswold, Esq.
Christine I. Magdo, Esq.
Assistant United States Attorneys
(by email and ECF)