

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

November 18, 2016

**BY ECF**
The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    <u>United States</u> v. <u>Robert Olins</u>, No. 15 Cr. 861 (JMF)

Dear Judge Furman:

    The Government writes in response to a letter filed by counsel for Robert Olins on November 16, 2016 ("Defense Letter" or "Def. Ltr."), regarding the *Fatico* hearing scheduled for Friday, December 2, 2016.  In connection with this hearing, the Government has offered, as a courtesy, to produce to the defendant the prior statements of the witnesses the Government intends to call at the hearing (the "3500 material") on Tuesday, November 29, 2016. The defendant now asks the Court to "intervene" and order the Government to produce the 3500 material on some unspecified date prior to November 29, 2016.  In support of its request, the defendant argues primarily that the Government seeks to gain an "unfair tactical advantage" by "withholding" the 3500 material "until the eve of the hearing," as doing so "make in [*sic*] extremely difficult, if not impossible, to identify witnesses" for the defense to call at the hearing and "interfere[s] with counsels' [*sic*] ability to prepare." (Def. Ltr. 1-2). The Government opposes the defendant's request.

    *First,* a defendant is entitled to 3500 material solely for the purpose of impeaching Government witnesses with prior inconsistent statements. That impeachment is the only purpose is evident from Rule 26.2, which plainly states that, at sentencing, a court may order a party to produce 3500 material only "after a witness … has testified on direct examination." FED. R. CRIM. P. 26.2(a) & (g)(2).  In other words, the production of 3500 material is not intended for the purpose of giving the defendant a roadmap of the Government's case, to make it easier for the defendant to "identify defense witnesses," or to aid in counsel's "ability to prepare."

    *Second*, the Government has already indicated that it intends to exceed the Office's standard policies of producing 3500 material *for a trial* on the Friday before trial begins, and *for a hearing* either the day before, or the morning of, the hearing. Specifically, the Government has offered to produce the 3500 material for a one-day hearing on the same schedule that it would ordinarily produce 3500 material for a full-blown trial, namely, three days in advance.  While the Office at times elects to make an earlier production of 3500 materials, such as in a complex and

Honorable Jesse M. Furman
November 18, 2016
Page 2

lengthy trial involving a large number of witnesses or extensive 3500 material, such factors are not present here.  Indeed, the hearing in this case is anticipated to last no more than a day.

*Third*, the Government's Sentencing Submission filed on October 28, 2016 sets forth in detail the disputed factual issues, highlights some of the documentary evidence the Government intends to present, and previews the expected testimony of key Government witnesses.

For these reasons, the Government asks the Court to deny defendant's request.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By:    /s/ Christine I. Magdo
      Christine I. Magdo
      Andrea M. Griswold
      Assistant United States Attorneys
      (212) 637-2297/1205

cc:   James DeVita, Esq.
      Anthony Cecutti, Esq.