# DOAR RIECK DeVITA KALEY & MACK
## ATTORNEYS AT LAW

JOHN DOAR (1921-2014)
JOHN JACOB RIECK, JR.
JOHN F. KALEY
WALTER MACK
JAMES R. DeVITA

OF COUNSEL
JAMES I. WASSERMAN
MICHAEL MINNEFOR

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website: www.doarlaw.com

April 24, 2017

**BY ECF**
Honorable Jesse M. Furman
United States District Judge for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Centre Street
New York, New York 10007

       Re: United States v. Henry Neville, S2 15 Cr. 861 (JMF)

Dear Judge Furman:

      As you know, I represent Robert Olins in connection with this case. At his request, I am writing to present for Your Honor's consideration a claim for mandatory restitution from defendant Henry Neville pursuant to 18 United States Code § 3663A. Under that provision, Mr. Olins is a "victim" of the Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §1349, charged in Count Three of the Superseding Indictment against Mr. Neville, because he was "directly and proximately harmed as a result of the commission of [that] offense," and was "directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy [and] pattern" represented by the crime charged in that Count of the Superseding Indictment. 18 U.S.C. § 3663A (a)(2). The evidence at the *Fatico* hearing on December 20 and 21, 2016 revealed that Mr. Neville defrauded and American Bank & Trust Company ("ABT") and Mr. Olins with respect to the sale of three items of antiques from Mr. Olins' collection without the knowledge or participation of Mr. Olins. Mr. Neville must be required to make restitution for that fraud by paying the amount of $1,077,000 to ABT in its capacity as the Receiver in the case of *Securities and Exchange Commission v. Robert Olins, et al.* 11 mc 00261 (DLC). That

payment will benefit Mr. Olins, and make him whole for the damage he suffered at the hands of Mr. Neville, by reducing his outstanding debt to the receiver by the corresponding amount.

As You Honor may recall, the evidence at the *Fatico* hearing revealed that Mr. Neville defrauded Mr. Olins and ABT with respect to three specific antique items Mallet sold from Mr. Olins' collection that were subject to the lien ABT held on the collection: 1) an Ormolu three branch set of wall lights attributed to Jacques Caffieri ("the Wall Lights"); 2) a Louis XIV chandelier ("the Chandelier"); and 3) a pair of Swedish Globes ("the Globes"). Mr. Neville's fraudulent conduct in misleading ABT and Mr. Olins regarding the actual terms of the sale of those three items was clearly established by the testimony of Gregory Rusco, Executive Vice President of ABT, and the exhibits admitted in evidence at the hearing.

As Mr. Rusco testified, the consignment price under the agreement with Mallet for the sale of the Wall Lights was $1,750,000. December 20, 2016 Hearing Transcript ("Tr.") 52; Defendant's Exhibit ("DX") A. Mr. Neville, through his accomplice and co-conspirator Glen Randall, falsely told Mr. Rusco that Mallet sold the Wall lights for only $1,600,000. Tr. 57. In fact, unbeknownst to Mr. Rusco or Mr. Olins, Mallett sold the Wall Lights for $1,750,000, a difference of $150,000 that should be repaid to ABT as the Receiver, and credited against Mr. Olins obligations.

With respect to the Chandelier, the consignment price was $1.6 million. Tr. 62, DX A. When Mallett sold the Chandelier, ABT received only $1,350,000. The evidence showed that Mallett actually received $2.7 million in cash and merchandise for the Chandelier. Tr. 61-64; DX D. Even allowing a 20% commission to Mallett on the sale (which is what the consignment agreement stipulated), that would have amounted to only $540,000, and ABT should have received $2,160,000 as a result of the sale. Thus, ABT and Mr. Olin were defrauded out of $810,000 on that transaction.

Finally, the evidence at the hearing showed that Mr. Neville misrepresented both the timing of the sale of the Globes and the amount for which they were sold. They were actually sold at the Maastricht antique fair in The Netherlands in April 2012, for € 310,000, which at that time was the equivalent of approximately $ 408,000. Tr. 82-83; DX K. Because ABT had not given its consent to that sale, and was appointed Receiver shortly afterward, which required court approval for the sale, Mr. Neville created an elaborate fiction in which he obtained court approval to take the Globes that Mallett had already sold to the Masterpiece Fair in London in June 2012. He then fraudulently represented that he had sold them at the Masterpiece Fair for $250,000. Tr. 83-84. Allowing Mallett a 20% commission on the actual sales price of $408,000, ABT should have received $327,000 on that sale. Instead, it received $210,000 (less the cost of

Mallett's wire transfer, or a net amount of $209,968). Tr. 81. Thus, ABT and Mr. Olins were defrauded of $117,000 on that transaction.

The total amount of which ABT and Mr. Olins were defrauded thus consists of the following amounts: Wall Lights - $150,000; Chandelier - $810,000; Globes - $117,000, for a total of $1,077,000. We respectfully submit that restitution in that amount, paid to ABT in its capacity as the Receiver, is mandated by 18 U.S.C. § 3663A(a)(1) and (c).

Respectfully submitted,

James R. DeVita

JRD

cc:   Andrea Griswold, Esq. (by ECF)
      Christine I. Magdo, Esq. (by ECF)
      Assistant United States Attorneys

      Barry A. Bohrer, Esq. (by ECF)