# DOAR RIECK DEVITA KALEY & MACK

ATTORNEYS AT LAW

JOHN DOAR (1921-2014)
JOHN JACOB RIECK, JR.
JOHN F. KALEY
WALTER MACK
JAMES R. DEVITA

OF COUNSEL
JAMES I. WASSERMAN
MICHAEL MINNEFOR

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website: www.doarlaw.com

April 27, 2017

**BY ECF**
Honorable Jesse M. Furman
United States District Judge for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Centre Street
New York, New York 10007

        Re: United States v. Henry Neville, S2 15 Cr. 861 (JMF)

Dear Judge Furman:

  I submit this letter to respond certain of the arguments contained in the government's and Mr. Neville's responses to my letter of April 24, 2017 regarding the restitution to be required of Mr. Neville in connection with his sentencing tomorrow.

  The government and Mr. Neville both argue that the three transactions referenced in my letter were outside the time frame of the conspiracy charged in Count Three of the information to which Mr. Neville pled guilty. However, Count Three charges that the conspiracy existed "[f]rom *at least* in or about May 2012 . . . ." (Document 42 at 9, ¶ 21)(emphasis added). Thus, it does not have the narrow time range the government and Mr. Neville seek to impose. Similarly, the government's argument that Count Three charges a "two person conspiracy" (April 27, 2017 Letter from Assistant United States Attorney Magdo at 1) is flatly contradicted by the specific charge in Count Three. It charges that "HENRY NEVILLE, the defendant, Olins, and others known and unknown . . . did combine, conspire, confederate and agree together and with each other" to commit bank fraud. Document 42 at 9, ¶ 21. That clearly charges a conspiracy broader than just Mr. Olins and Mr. Neville.

      Mr. Olins does not "deny responsibility" as Mr. Neville contends. He admitted his role in the transaction relating to the Vases. What he contends now is that he joined an ongoing conspiracy that Mr. Neville and others had begun to defraud American Bank & Trust and Mr. Rusco, after several prior fraudulent transactions of which he was unaware until this case was commenced and they became apparent through the discovery. His status as a victim of the earlier phase of the conspiracy is not inconsistent with his later joining it. Thus, in contrast to the co-conspirators in *United States v. Archer,* 671 F.3d 149 (2d Cir. 2011), Mr. Olins did not "know of" that part of the scheme which victimized him. Section 3663A(a)(2) provides that the term victim includes any "person directly and proximately harmed as a result of the commission of an offense . . . including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal by the defendant's criminal conduct in the course of the scheme, conspiracy or pattern." Clearly the conduct outlined in my letter directly harmed Mr. Olins, and was part of the pattern or scheme charged in Count Three.

      Finally, although Mr. Olins will be an indirect beneficiary of the restitution, the Securities and Exchange Commission that will benefit since it would provide funds to help satisfy its judgment against Mr. Olins.

                                                     Respectfully submitted,

                                                     James R. DeVita

JRD

cc:    Andrea Griswold, Esq. (by ECF)
       Christine I. Magdo, Esq. (by ECF)
       Assistant United States Attorneys

       Barry A. Bohrer, Esq. (by ECF)